6194. Please proceed when you're ready. Good morning, Your Honors. Laura Deskin on behalf of Mr. LeQuevin Kelley. I am here to argue that 922 G3 is facially unconstitutional. I understand that facial challenges can be difficult, but I want to explain further why I believe that 922 G3 is facially constitutional. First, the government is incorrect that all it must do is point to one hypothetical application of the statute that would not violate the Second Amendment. In Doe, from this circuit, this court rejected the argument that all the government must do is imagine a hypothetical situation in which a statute could be constitutionally applied. And Rahimi did not abrogate Doe in that sense. Rahimi criticized the Fifth Circuit's concern that domestic violence protective orders, when it was analyzing 922 G8, that they could issue unfairly or as a tactical device in divorce proceedings. They kept referring back to that concern, which really sounded in due process and not the Second Amendment issue at hand. And then we must look at what Rahimi actually did in that case. They did, just as this court did in Doe, they weren't looking at hypothetical applications. They were looking at the terms of the statute itself. Rahimi says the government need only demonstrate that Section 922 G8 is constitutional in some of its applications. Correct. It did say that, but then what did it do? It didn't, it could have held, well, 922 G8 is constitutional. Let's just look at Rahimi himself. This is a very dangerous individual who I think in that case he had demonstrated through previous conduct that he was a dangerous individual. The defense in that case couldn't even argue against that. It sounds like you're trying to take an applied difference between the two and you've made a facial challenge here. I guess I'm not persuaded that the government has to do anything other than show us that there is an application of the statute that is not unconstitutional in order for it to survive a facial challenge. Well, I think that you would have to go, you could go back to Salerno itself where this idea came from. There as well, they were looking at exactly what are the terms of that statute, that being the Bail Reform Act, which had many provisions, many things that the government had to prove in order to find a person dangerous such that they could hold them in detention. And so they looked at all those prongs to say, well, we think that in that case due process is not violated, nor is the Eighth Amendment. And in 922 G-8, they were looking at this statute that says that requires a finding, a judicial finding, that a person represents a credible threat to the physical safety of an intimate partner or child. That's what they were looking at. So is Rahimi when it says a facial challenge is the most difficult challenge to mount successfully because it requires a defendant to establish that no set of circumstances exist under which the act would be valid, is that dictum or? No, I accept that. The question is how is that, how does that work? You have to look at how the statute itself works. So this isn't a departure from that guidance at all. What the government here is doing is they say, well, it could apply to somebody who is intoxicated at the time, but the statute itself by its terms does not require that whatsoever. Every application that it. So it has to be an application where that's actually an element. That the statute requires. So the statute couldn't be broader than intoxicated persons, that it would have to specifically require a finding of intoxication? If the historical, so going into the Bruin analysis, if the historical principle. I'm just trying to understand what you think a facial challenge requires. I think a facial challenge requires looking at what the terms of the statute itself do require for conviction and determining whether or not that itself goes, is violative of the principles in Bruin. So that sounds like you're turning it on its head, which is that what you're saying is if there's any circumstances in which you wouldn't be, wouldn't fall under it, or it wouldn't be constitutional, the whole, you throw out the whole thing. Well, again, you have to go back and look at what exactly does each statute actually require. This is far afield from 922 G-8, where they look at, well, what are we doing here? What is the court doing when they are convicting somebody of 922 G-8? Well, you're looking and saying, was there a finding previously that this person represented a credible threat to the physical safety of an intimate partner? That's what you're looking at. Those are the terms, and that they found was facially constitutional. They did not have to go out and say, well, what was the problem with what the Fifth Circuit was doing is that they were going out and saying, well, but I mean, somebody could be found to be a credible threat, but that could have been an unfair process. Or, you know, we know that people bring these protective order proceedings out of vengeance in a divorce proceeding, and that is where that criticism came from in that case, because they were going and hypothesizing outside of what the statute required. Whereas here, we have a much different statute. All you have to be is an unlawful user of a controlled substance, any controlled substance on all five of the controlled substance schedules will work. And the statute tells us no more. So to be convicted under this, it does not require somebody, the government, to prove that they're intoxicated. It does not require them to prove anything beyond the fact that they meet the definition of an unlawful user, which is a judicially created definition, and that they are an unlawful user of a controlled substance that is on the schedules. So there was, and that's why I think it is different. So like. Well, counsel, maybe I can stop you there. Are you arguing that for a facial challenge, you just look at the face of the statute, you don't think of any application? I am looking at what, you look at the, what the statute would require the government to prove in this case. It does not require it to prove intoxication at all. So in Rahimi, the court didn't hypothesize some subset of activity that was encompassed by 922G8 to find it constitutional, facially. It wasn't difficult to find that statute facially constitutional. Congress itself designed that subset in the statute itself very explicitly. Here, we don't have anything to, beyond these very simple terms of the statute that comports with history and tradition. That's the argument. Thank you. So once you get past that, if you are looking further into, okay, so does this idea of disarming an unlawful user of a controlled substance, does that comport with history and tradition? I would say that's. If we are looking at a person who is currently under the influence, who's intoxicated either by drugs or alcohol, that it would dovetail pretty cleanly with disarming dangerous people historically, wouldn't it? Yes, I would agree with that. Okay, so your argument, in order for you to prevail here, we have to agree with you on your view of how a facial challenge works. I think so. I think that is what it requires, honestly. That the idea of, it is because some people who are unlawful users of controlled substances and possess a firearm, some of them might possess one at the time of intoxication. That whole idea of taking away a firearm from somebody, and it's not permanently, but the idea of dispossessing them of that use temporarily, does match up with the prior drunkard laws, essentially. But they were really just laws saying, well, on New Year's Eve, on May Day, you are not allowed to shoot off a gun. If you do, that's a criminal act. There are some differences here. We have, this can get you up to 10 years in prison, up to 15 years in prison, and the how of it can be differentiated, actually. But I will give that we do have that history of disarming intoxicated users. We're talking here as to unlawful users, not addicts. I have not engaged in that, which I think is a separate analysis. How is your argument different than the argument being made in U.S. versus Hamani, which is before the Supreme Court right now, which is a as-applied challenge to a marijuana user? To me, it seems like you're conflating a facial challenge with an as-applied challenge. Well, here, we're not as different. And that's why we didn't ask to abate for Hamani up front, because I wanted to make this argument as to how facial challenges, I think, should be analyzed, based on the way it has been analyzed in previous facial cases. But I guess you are not bringing an as-applied challenge. No, this is purely a facial challenge. And that's what differentiates it from Hamani. That is as-applied. Now, if you've listened to the oral argument that took place in Hamani, they veered very far away from marijuana and discussed substances up and down the schedule, which is why I would not be opposed to abating this case for Hamani to see where they go in that case. It might give us a little bit better roadmap for how one analyzes the history and tradition in this particular context. And I will reserve the remaining part of my time. Thank you. May it please the Court, Stephen Craig on behalf of the United States. Given the argument that was just made that this is largely a question about how a facial challenge is handled, and if a facial challenge operates the way the government has suggested, then that essentially ends the inquiry. I plan on focusing on that. As Judge McHugh's questions have focused in on, Rahimi adopted the Salerno approach, with one small caveat. Because in the Second Amendment context, the burden shifts to the government once you get past Bruin Step 1, the government has to demonstrate that a statute is constitutional in at least some applications, as opposed to the challenger having to demonstrate that there's no application that is constitutional. So the question here is, what are applications? And this Court in Harrison answered that question rather easily. Specifically, this Court said, even among individuals who use marijuana, Section 922 G3 applies both to those who are intoxicated while possessing a firearm, and those who are not. It talked about two different applications, those who are intoxicated, those who are not intoxicated. This case involves, as a facial challenge, this Court can focus on those who are intoxicated. The, Mr. Kelly's approach to facial challenges is the exact approach the panel opinion of the Fifth Circuit and Rahimi took. Yes, they talked about due process, and there were concerns with that. But the problem, the error that the Supreme Court identified with their application of the facial challenges, is that the Fifth Circuit focused on the situations where the statute was most likely to be unconstitutional, and saying, if it's unconstitutional in those situations, the statute on its face is unconstitutional. That is not what Salerno provided, and that's not what Rahimi provided. Doe doesn't lead to a different result for a couple of reasons. First, Doe questioned whether Salerno remained a viable test. But even to the extent Salerno had remained a viable test, Doe pointed out that there is no one test that applies to all facial challenges. This Court need not say that Rahimi abrogated Doe, it could simply say that Rahimi adopted Salerno for purposes of Second Amendment challenges. And in doing so, again, the burden is on the government to show there's at least some implications that are constitutional. I'm happy to get into any other issues the Court may have, but again, in light of the prior, the argument of my opponent, I'm not sure that there's anything else to talk about. If there are no further questions, I'd ask that you affirm the judgment and sentence below. Thank you. Thank you. So I don't think that what the Supreme Court and Rahimi did was adopt Salerno as the test for facial constitutionality of Second Amendment challenges. Bruin is the test for constitutionality of Second Amendment challenge. History and tradition is. And so you can look at, does this statute, by its terms, comport with history and tradition? By its terms, it does not. What the government is required to prove in every single case in which 922g3 is prosecuted does not comport with history and tradition at all. Isn't the argument that you're making that by its terms means that every application has to be constitutional under Bruin? Well, I think that every- Isn't that what you just said? Well, you don't have to look at, like, what you're asking me to do is to say that, well, if the person is intoxicated, then isn't it okay? No, because the government doesn't have to even allege that or require that. And the 922g3 doesn't call for that whatsoever by its very terms. And so, yes, if you look at just the terms of the statute, in every application of the statute, it is unconstitutional because it doesn't require the government to prove any of these other things that it says makes it unconstitutional. And that unconstitutional. That was the case in Rahimi. That was the case in Heller. That was the case in Bruin. That was the case in Doe. You are looking at what is mandated by the statute itself. And so that is my argument for why 922g3 should be held to be facially unconstitutional. I think it doesn't work as a whole. It doesn't in terms of history and tradition. And my time is up. Thank you, counsel, for your arguments. The case is submitted and counselor excused. Thank you.